COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-05-281-CR
  
  
JIMMY 
C. BURGETT                                                              APPELLANT
  
V.
   
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 97TH DISTRICT COURT OF MONTAGUE COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Jimmy C. Burgett, pro se, attempts to appeal the trial court’s order 
dismissing his indictment for possession of a controlled substance.  We 
dismiss the appeal for want of jurisdiction.
        Pursuant 
to rule 26.2 of the rules of appellate procedure, a notice of appeal must be 
filed within thirty days after the day the trial court enters an appealable 
order.  Tex. R. App. P. 
26.2(a)(1).  The trial court dismissed Appellant’s indictment on May 27, 
2005.  His notice of appeal was due on June 27, 2005.  Appellant filed 
his notice of appeal on July 18, 2005.  In his notice of appeal, Appellant 
explained that he did not receive notice of the May 27 dismissal until July 8 
and attached as proof an envelope from the Montague County District Clerk 
bearing a postage meter date of July 6.
        On 
July 26, 2005, we notified Appellant of our concern that we lacked jurisdiction 
over the appeal because the notice of appeal was not timely filed.  We 
informed him that the appeal was subject to dismissal unless we received a 
response showing grounds for continuing the appeal by August 5.  See 
Tex. R. App. P. 44.3.  We 
have not received a response.
        In 
order for this court to grant an extension of time to file a notice of appeal, 
both the notice of appeal and a motion for extension of time must be filed 
within the fifteen-day extension period of rule 26.3.  See Olivo v. 
State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Applying the rule 
26.3 extension period to this case means that Appellant’s notice of appeal and 
motion for extension of time were due on July 12, 2005.  Appellant did not 
file his notice of appeal until July 18 and did not file a motion for extension 
of time at all.
        A 
timely notice of appeal is essential to vest this court with jurisdiction.  
See id.; Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 
1998).  Because Appellant’s notice of appeal was untimely, we have no 
jurisdiction over his appeal.  See Olivo, 918 S.W.2d at 526.  
Accordingly, we dismiss this appeal for want of jurisdiction.  See Tex. R. App. P. 25.2(b), 43.2(f).
   
                                                          PER 
CURIAM
 
 
  
PANEL 
D:   GARDNER, WALKER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 25, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.